NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 8 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC BIDWELL; et al., <br><br>       Plaintiffs-Appellants, <br><br> and <br><br> NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, San Diego Branch; et al., <br><br>       Plaintiffs, <br><br>   v. <br><br> COUNTY OF SAN DIEGO; et al., <br><br>       Defendants-Appellees. | No.   22-55680 <br><br> D.C. No. <br> 3:16-cv-02575-LL-MSB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Linda Lopez, District Judge, Presiding

Submitted October 19, 2023[**]
Pasadena, California

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: PAEZ and H.A. THOMAS, Circuit Judges, and R. COLLINS,*** District Judge.

Eric Bidwell, Michael Feinstein, and Azikiwe Franklin appeal the district court's grant of summary judgment to the County of San Diego, the City of El Cajon, Sheriff William D. Gore, El Cajon Police Chief Jeff Davis, and the individual deputies and officers named in this civil rights action brought pursuant to 28 U.S.C. § 1983. Plaintiffs allege that actions taken by City and County employees in responding to the public demonstrations that followed the death of Alfred Olango, an unarmed Black man killed by El Cajon police on September 27, 2016, violated Plaintiffs' First and Fourth Amendment rights. Bidwell and Feinstein argue that the police lacked sufficient basis to declare an unlawful assembly on October 2 and that their subsequent arrests for failure to disperse lacked probable cause. Franklin argues that his October 17 arrest for trespassing lacked probable cause. The district court ruled that the individual defendants were entitled to qualified immunity on all claims because there was no clearly established law that put the officers on notice that their actions were unlawful, and that Plaintiffs failed to sufficiently allege a plausible claim for municipal liability under *Monell v. Department of Social Services of City of New York*, 436 U.S. 658

---

*** The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

2

(1978).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's qualified immunity determination and grant of summary judgment, considering all disputed facts in the light most favorable to Plaintiffs. *Martinez v. City of Clovis*, 943 F.3d 1260, 1269–70 (9th Cir. 2019). We may affirm on any ground supported by the record. *CFPB v. Gordon*, 819 F.3d 1179, 1187 (9th Cir. 2016). We affirm.

1. *Qualified Immunity.* Where a government actor invokes the defense of qualified immunity, we must determine (1) whether the defendant violated a constitutionally protected right, and (2) whether that particular right was clearly established at the time of the violation. *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1115 (9th Cir. 2017). "These two prongs . . . need not be considered in any particular order, and both prongs must be satisfied for a plaintiff to overcome a qualified immunity defense." *Id.*

The district court properly held that the deputies and officers were entitled to qualified immunity on Bidwell and Feinstein's claims that the October 2 unlawful assembly declaration violated their rights under the First Amendment. Assuming without deciding that the officers violated Bidwell and Feinstein's constitutional rights, no clearly established law placed the constitutionality of the officers' actions beyond debate. *See District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018)

("The 'clearly established' standard . . . requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him."). Bidwell and Feinstein do not identify any cases that would place any reasonable officer on notice of what constitutes a sufficiently clear and present danger of imminent violence to justify dispersal. None of the cases Bidwell and Feinstein identify clearly prohibit officers from declaring an assembly unlawful where a single, agitated individual threatened to retrieve a weapon, was subdued by other demonstrators, and subsequently could not be located by police.

The district court also properly granted the arresting officers qualified immunity from Bidwell, Feinstein, and Franklin's unlawful arrest claims.

> Because the standard for probable cause is well settled, the question with respect to whether an unlawful arrest violated clearly established law is "whether it is *reasonably arguable* that there was probable cause for arrest—that is, whether reasonable officers could disagree as to the legality of the arrest such that the arresting officer is entitled to qualified immunity."

*Sialoi v. City of San Diego*, 823 F.3d 1223, 1233 (9th Cir. 2016) (quoting *Rosenbaum v. Washoe County*, 663 F.3d 1071, 1076 (9th Cir. 2011)). Assuming without deciding that arresting officers lacked probable cause to arrest Bidwell and Feinstein for failure to disperse after the assembly was declared unlawful, it is nonetheless reasonably arguable that there was probable cause for their arrest. The arresting officers knew that the assembly had been declared unlawful, that Bidwell and Feinstein had been repeatedly ordered to disperse, and that they had refused to

4

do so.  Similarly, assuming without deciding that Franklin's arrest for trespassing was unlawful, it was reasonably arguable that probable cause existed: the arresting officers knew that Franklin had been told that he was on private property and would be arrested for trespassing if he failed to leave.  *See Blankenhorn v. City of Orange*, 485 F.3d 463, 472–76 (9th Cir. 2007).  Because reasonable officers could disagree as to the legality of these arrests, the district court properly granted the arresting officers qualified immunity.

2. Monell *Liability*.  The district court properly granted summary judgment to the City and County on Plaintiffs' *Monell* claims.  A municipality cannot be held liable under § 1983 unless its policy, practice, or custom is a moving force behind the constitutional violation.  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).  A policy may consist of an expressly adopted municipal policy, a longstanding practice or custom, or an action taken or ratified by an official with final policymaking authority.  *Gordon v. County of Orange*, 6 F.4th 961, 974 (9th Cir. 2021).  Because Bidwell, Feinstein, and Franklin fail to identify any municipal policy that constitutes a moving force behind their alleged constitutional deprivations, the district court properly granted summary judgment to the City and County on the *Monell* claims.

**AFFIRMED.**

5